UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAULA SPEER, and<br>LEONARD SPEER,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>NEUTRON HOLDINGS, INC.,<br>NINEBOT INC., and SEGWAY INC.,<br><br>　　　　　　Defendants. | CASE NO. 1:19-cv-3964<br><br>**JURY DEMANDED** |

# COMPLAINT

Plaintiffs Paula Speer and Leonard Speer, by counsel, for their complaint against Neutron Holdings, Inc., Ninebot Inc., and Segway Inc., allege and state as follows:

1. On or about June 14, 2019, Plaintiff Paula Speer sustained severe, life-threatening, and permanent injuries as the result of her use of an electric scooter in Indianapolis, IN.

2. This action is brought against Defendant Neutron Holdings, Inc., which operates electronic scooter rentals in Indianapolis under the business name Lime, and who owned and regularly rents the electronic scooter in question.

3. This action is also brought against Defendants Ninebot, Inc. and Segway Inc. who designed, manufactured, and/or distributed the electronic scooter in question.

## Parties

4. At all times relevant to this Complaint, Plaintiff Paula Speer is and was a resident of the state of Indiana.

5. At all times relevant to this Complaint, Plaintiff Leonard Speer is and was a resident of the state of Indiana.

6. At all times relevant to this Complaint, Leonard Speer is and was the lawful husband of Paula Speer.

7. Neutron Holdings, Inc. ("Neutron") is a for-profit corporation organized under the laws of the state of Delaware, with its principal place of business located in San Francisco, California. Neutron's registered agent for service registered in the state of Indiana is National Registered Agents, Inc., located at 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

8. Segway Inc. ("Segway") is a for-profit corporation organized under the laws of the state of Delaware, with its principal place of business located at 14 Technology Dr, Bedford, NH, 03110.

9. Ninebot Inc. ("Ninebot") is a for-profit corporation organized under the laws of the state of Delaware, with its headquarters located in Beijing, China, and its principal place of business in the United States located in Bedford, New Hampshire.

## Statement of Jurisdiction

10. This Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of parties and the amount in controversy

for the claims of each Plaintiff exceeds $75,000.

11. This Court possesses general personal jurisdiction over the Plaintiffs as residents of this state.

12. This Court possesses specific personal jurisdiction over Neutron pursuant to Ind. Trial Rule 4.4(A) because it operates a business in this state that provided the scooter at issue in this action and its acts or omissions causing injury to the Plaintiffs occurred within this state.

13. This Court possesses specific personal jurisdiction over both Segway and Ninebot because they have purposefully availed themselves of the privilege of conducting activities within Indiana.

14. Both Segway and Ninebot use a distribution network that they knew would result in the sale and/or lease of their scooters in Indiana.

15. Both Segway and Ninebot use retailers and distributors to distribute, sell, and/or lease their products in Indiana.

16. Those products include, without limitation, the specific type and model of scooter at issue in this action.

17. In addition to Neutron, which leases Segway and Ninebot scooters in Indiana, Segway's website reveals a Segway Authorized Location in Indiana. https://www.segway.com/locations (Sep. 18, 2019).

## Facts

18. Neutron, operating under the name "Lime," leases, markets, and/or distributes motorized scooters for public use in exchange for a fee operated under a

"pay as you go" model.

19. Neutron does this by deploying dockless scooters throughout a city that may be rented at any time while a scooter is deployed.

20. Neutron has deployed scooters in four cities throughout Indiana including Bloomington, Elkhart, Indianapolis, and South Bend.

21. According to Neutron's list of cities in which Lime scooters are available, https://www.li.me/locations (Sep. 18, 2019), there are only five states in which Neutron operates in more cities than it does in Indiana.

22. The scooters Neutron uses are designed, manufactured, and produced by Segway and/or Ninebot.

23. Neutron is one of the largest users of Segway and Ninebot products in the world.

24. Since Neutron's deployment of electronic scooters in later 2017 and early 2018, there have been numerous reports of injuries suffered as a result of equipment failures. *See, e.g.*, Peter Holley, *Lime scooter riders are being injured by 'sudden excessive braking,' company says*, WASHINGTON POST (Feb. 25, 2019), https://www.washingtonpost.com/technology/2019/02/25/lime-scooter-riders-are-being-injured-by-sudden-excessive-braking-company-admits/; Arman Azad, *That electric scooter might be fun. It also might be deadly*, CNN, Oct. 1, 2018, https://www.cnn.com/2018/09/29/health/scooter-injuries/index.html; Ryan Felton, *E-Scooter Ride-Share Industry Leaves Injuries and Angered Cities in its Path*, CONSUMER REPORTS, Feb. 5, 2019, https://www.consumerreports.org/product-

safety/e-scooter-ride-share-industry-leaves-injuries-and-angered-cities-in-its-path/; Rachel Becker, *Scooter injuries are a thing, and they're sending people to the ER*, THE VERGE, Jan. 25, 2019, https://www.theverge.com/2019/1/25/18197523/scooter-injuries-bird-lime-la-california-emergency-room-concussion-helmet.

25. On or about June 14, 2019, Paula Speer was added to the list of persons seriously injured.

26. While riding a scooter provided by Neutron that was designed, manufactured, and distributed by Segway and/or Ninebot, Speer suffered a traumatic brain injury and other serious injuries when she was thrown from the scooter.

27. Paula Speer's injuries were directly and proximately caused by the failure to warn of dangers in the product as well as defects in the design and/or manufacture of the scooter in question.

28. The defects include, without limitation: the sticking of the accelerator on the scooter; the sudden, unexpected, and rapid acceleration of the scooter; an unstable center of gravity; the fact that the scooter was deceivingly powerful; the small wheels, which made it unstable; and the dangerous operation of the brakes, which may have caused the scooter to throw Paula Speer forward and onto the pavement when she attempted to stop the rapidly accelerating scooter.

29. Paula Speer was a user in the class of persons that each Defendant should reasonably foresee as being subject to the harm caused by the defective conditions of the scooter.

30. Each Defendant is engaged in the business of selling, leasing, or otherwise putting into the stream of commerce the scooter at issue in this action.

31. The scooter at issue reached Paula Speer without substantial alteration in the condition in which the product left the possession of each Defendant.

32. Alternatively, the defects in the scooter that led to Paula Speer's injuries was the result of faulty maintenance of the scooter by one or more of the Defendants.

33. The scooter was not in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled.

34. The state of the scooter was not the result of compliance with applicable codes, standards, regulations, or specifications.

35. The scooter was expected to be used by all persons, including both experienced and inexperienced riders, on various types of surfaces, including, without limitation, concrete and asphalt.

36. The scooter was capable of being made safe.

37. Paula Speer used the scooter precisely as it was intended to be used.

38. Paula Speer did not sign a user agreement or any other documentation prior to using the scooter in question.

## CAUSES OF ACTION

39.     The following is a non-exhaustive list of causes of action supported by the facts of this case. *Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error."); *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 764 (7th Cir. 1999) ("We have consistently held that plaintiffs are not required to plead legal theories. While a plaintiff may plead facts that show she has no claim, she cannot plead herself out of court by citing to the wrong legal theory or failing to cite any theory at all." (citations omitted)). These enumerated causes of action shall not in any way limit the legal bases for liability or recovery in this case.

### Count I: Strict Liability for Manufacturing Defect
### (Against Segway & Ninebot)

40.     Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts II, III, IV, V & VI, except to the extent that they are in conflict with the allegations stated here in Count I.

41.     Segway and Ninebot are the manufacturers of the scooter that injured Paula Speer.

42.     Segway and Ninebot are in the business of selling the type and model of scooter that injured Paula Speer.

43.     Segway and Ninebot placed the scooter that injured Paula Speer into the stream of commerce.

44. The scooter was in a defective condition when it was placed into the stream of commerce by Segway and Ninebot.

45. The scooter was in a defective condition when it was furnished to Paula Speer.

46. The defective condition included, without limitation, a defective accelerator, a defective braking system, defective wheels that made the scooter unstable, and an effective overall design that made the scooter prone to instability and that had a dangerously high center of gravity.

47. The scooter deviated from its intended design.

48. The scooter was expected to and did reach Paula Speer without substantial alteration of the condition in which Segway and Ninebot placed the scooter into the stream of commerce.

49. Paula Speer suffered physical harm.

50. The defective condition of the scooter was a responsible cause of the physical harm to Paula Speer.

51. For these reasons, Segway and Ninebot are strictly liable to Paula Speer, pursuant to the Indiana Product Liability Act.

**Count II: Strict Liability for Manufacturing Defect
(In the Alternative to Count I: Against Neutron)**

52. Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts I, III, IV, V & VI except to the extent that they are in conflict with the allegations stated here in Count II.

53. Count II is pleaded in the alternative to Count I.

54. Pursuant to Indiana Code § 34–20–2–4, if the Court is unable to hold jurisdiction over Segway and Ninebot, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purposes of assessing strict liability, the manufacturer of the product.

55. Neutron is the principal distributor and/or seller in the state of Indiana of the type of scooter that injured Paula Speer.

56. Accordingly, for the same reasons stated in Count I, if the court lacks jurisdiction over Segway and Ninebot, then Neutron is strictly liable to Paula Speer, pursuant to the Indiana Product Liability Act.

### Count III: Failure to Warn
### (Against All Defendants)

57. Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts I, II, IV, V & VI, except to the extent that they are in conflict with the allegations stated here in Count III.

58. Defendants supplied the scooter in an unreasonably dangerous condition.

59. The dangers posed by the scooter was a non-obvious danger to inexperienced riders such as Paul Speer.

60. Defendants knew or had reason to know that the scooter was likely to be dangerous to a user consumer when used in the reasonably expected manner that Paula Speer utilized.

61. Defendants failed to properly label the scooter with reasonable warnings about the dangers of the scooter.

62. Defendants also failed to provide reasonably complete instructions about the proper use of the scooter.

63. Defendants could have made those warnings and provided those instructions to Paula Speer.

64. The failure to provide reasonable warnings and/or provide adequate instructions was the proximate cause of Paula Speer's injuries.

65. Had Defendants warned and/or instructed Paula Speer of the dangers posed by and of proper use of the scooter, Paula Speer would not have been injured.

66. For these reasons, Defendants are liable to Paula Speer, pursuant to the Indiana Product Liability Act for failure to provide adequate instruction and/or warn of dangers.

## Count IV: Negligence for Design Defect
## (In the Alternative to Counts I & II: Against All Defendants)

67. Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts I, II III, V & VI, except to the extent that they are in conflict with the allegations stated here in Count IV.

68. Count IV is pleaded in the alternative to Counts I & II.

69. Defendants had duties to design the scooter to be free of flaws that cause injury through the product's expected use.

70. Defendants' duties extended to Paula Speer as a reasonably foreseeable and expected user of the scooter.

71. Paula Speer's use of the scooter was the expected use of the product.

72. Defendants breached their duties to Paula Speer by designing the scooter such that it posed a danger to her through the reasonably foreseeable use.

73. The danger it posed to her included, without limitation, the ability to accelerate rapidly, become unstable, brake suddenly, and/or allow the rider to be thrown from the scooter.

74. Defendants failed to use reasonable care under the circumstances in designing the scooter.

75. The defective design and condition of the scooter was the proximate cause of Paula Speer's injuries.

76. The defective design and condition of the scooter was the actual cause of Paula Speer's injuries.

77. Although not a required element of a design-defect claim, *see Kaiser v. Johnson & Johnson*, No. 2:17-CV-114-PPS, 2018 U.S. Dist. LEXIS 19950, 2018 WL 739871 (N.D. Ind. Feb. 7, 2018), it merits note that the scooter could have been designed to have prevented the injury to Paula Speer.

78. The alternative designs for the scooter are cost-effective.

79. For these reasons, Defendants are liable to Paula Speer for their negligence, pursuant to the Indiana Product Liability Act.

## Count V: Common Law Negligence
## (In the Alternative: Against Neutron)

80. Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts I, II, III, IV & VI, except to the extent that they are in conflict with the allegations stated here in Count V.

81. Count V is pleaded in the alternative to Counts I, II, III & IV.

82. Neutron owed a duty of reasonable care to maintain its scooters in safe and operational condition.

83. Neutron breached that duty by failing to maintain the scooter that injured Paula Speer in safe and operational condition.

84. Paula Speer suffered severe injuries as a result of Neutron's breaches of its duties.

85. Neutron is liable to Paula Speer for damages resulting from its negligence.

## Count VI: Loss of Consortium
## (Against All Defendants)

86. Plaintiffs incorporate all allegations of this Complaint as though fully stated here, including the allegations of Counts I, II, III, IV & V, except to the extent that they are in conflict with the allegations stated here in Count VI.

87. Plaintiff Leonard Speer is the lawful husband of Paula Speer and has been at all times relevant to this Complaint.

88. Leonard Speer has and continues to reside with Paula Speer.

89. The injuries and damages to Paula Speer have caused Leonard Speer to suffer and continue to suffer the loss of consortium, love, care, companionship, and affection of his wife, Paula Speer.

90. For these reasons, Defendants are liable to Leonard Speer.

WHEREFORE, Plaintiffs respectfully request judgment in an amount that will fairly compensate them for the losses and damages they have and will sustain as a result of Defendants' actions, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

The Plaintiffs respectfully demand a jury trial on all of their claims.

Respectfully submitted,

*/s/ Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*